UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCESS MARIA SPENCER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SELF STORAGE PLUS, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:24-cv-02387 (UNA) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants plaintiff's IFP application and, for the reasons discussed below, dismisses this matter for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, who resides in the District of Columbia, sued a Self Storage Plus, also located in the District, as well as the FBI and Homeland Security. *See* Compl. at 1–4. She alleges that, in June 2024, she rented a locker from Self Storge Plus which was subsequently broken into by an individual who is not named to this lawsuit. *See id*. at 4. She contends that this individual has stalked and harassed her for many years. Plaintiff also seems to allege that Safe Storage improperly charged her for July 2024 and then subsequently denied her access to the locker. As a result, she alleges that she has lost personal belongings and suffered emotionally, demanding $50,000 in damages. *See id*.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, Plaintiff has failed to state a federal question. *See* 28 U.S.C. § 1331. Plaintiff neither invokes any authority that provides a federal cause of action nor can the court independently discern any basis for federal question jurisdiction from the facts in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (cleaned up).

Second, Plaintiff has failed to establish diversity of citizenship. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). Here, all parties are located in the District of Columbia, thus defeating complete diversity. *See id*. Moreover, Plaintiff seeks $50,000, falling below the minimum $75,000 threshold. *See* 28 U.S.C. § 1332.

For these reasons, the Court dismisses the complaint, and this matter, without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: November 20, 2024

/s/_____
ANA C. REYES
United States District Judge